# WILLIAM J. PREISS, Appellant, v. ST. LOUIS COUNTY.

### Division One, November 30, 1910.

1. **SUIT AGAINST COUNTY: Implied Contract: Answer as Aider.** Whether or not the county cannot be sued on an implied contract, if the answer comes to the aid of the petition and shows that the work for which plaintiff sues was done under an express contract, an objection to the introduction of evidence because the petition declared on an implied contract should be overruled.

2. **CONTRACT WITH COUNTY: Commissioner as Arbiter: Valid.** An agreement in a contract with the county for work to be performed on certain public roads, that "the road commissioner shall in all cases determine the amount of work which is to be paid for under this contract and his estimate shall be final and conclusive," is valid, and a measurement by the commissioner of the work in digging a trench for a roadbed, and allowing double measurement therefor, is binding upon the contractor; and though the commissioner testifies that the trench was six inches deep and he allowed double measurements therefor, and the contractor testified that by the instruction of the assistant commissioner he dug the trenches twelve inches deep, and was entitled to double measurement of twelve inches, the estimate made by the commissioner is binding upon the contractor, and he cannot recover for the double measurement claimed.

3. ———: **Consideration Must Be Fixed Therein: Excess Allowance.** The consideration for the performance of public work for a county must be fixed in the contract; and the county court is not authorized to pay a contractor double the contract price for work done under a contract for improving public roads, and double measurement is the same as allowing payment at twice the contract price. And where the contract fixes the price per cubic foot for the work to be done, and says nothing of double measurements for digging the trench for a roadbed, although it is more expensive, since it must be done by hand, whereas the grading and other work may be done by machinery, and although it may have been the custom for years to allow double measurements for such trenches, the commissioner has no right to return a measurement of twice the number of cubic feet actually excavated, and the county court no right to pay for a double measurement.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*A. E. L. Gardner* and *R. H. Stevens* for appellant.

(1) All work done by appellant was fully covered by his contracts for the improvement of the roads, same to be done under the supervision and direction of the road commissioner, or his authorized assistant, and the price per cubic yard for the work done fixed. Appellant is therefore entitled to recover for all work

denominated extras as coming under the general term,
"improvements to said roads, and done under the direc-
tion of the road commissioner, or his authorized
agent." (2) Section 9522, R. S. 1899, under which the
county court of St. Louis county repairs and builds
roads, authorizes the county court to set aside from the
general fund money for the improvement of its roads.
Grading and Telfording is one of the methods for the
improvement of roads contemplated by that article to
be paid for out of the money so set aside. Grading and
Telfording of roads can, therefore, be classed as or-
dinary business of St. Louis county and may be done
under the supervision of road overseers, or the road
commissioner, or by contract. Therefore, such work
falls under Sec. 1800, R. S. 1899, which provides that
"if a claim against a county be for work and labor done,
or materials furnished, in good faith, by the claimant,
under contract with the county authorities, or with any
agent of the county, lawfully authorized, the claimant,
if he shall have fulfilled his contract, shall be entitled
to recover the just value of his work, though such au-
thorities or agent, may not, in making such contract,
have pursued the form of proceedings prescribed by
law." The road commissioner was the duly authorized
agent of the county for the improvement of these roads
and any contract made by him for the digging of the
roadbed is valid and binding under this section (1800)
on the county, and can be enforced whether the same
be in writing or not, provided the work was done by the
contractor under his agreement. In this case the
agreement was pay for double measurement for digging
roadbed for the Telford paving, and plaintiff did,
under the agreement, do the work, and is therefore en-
titled to recover double measurement. Anderson v.
Ripley, 181 Mo. 46. Under the contracts, the road
commissioner returns all estimates for work done by
the contractor to the county court, which approves and
pays the same. The road commissioner always allowed

double measurement for cutting roadbed for the reason that this work was largely done by hand to make it accurate. He agreed with plaintiff, the appellant, to give him double measurement for cutting the roadbed; such agreement is reasonable and is within the authority conferred upon him by the county court and, under section 1800, is binding on the county.

*R. L. Shackelford* for respondent; *J. C. Kiskaddon* of counsel.

(1) The petition does not state facts sufficient to constitute a cause of action against a county. The petition is an action at law on a *quantum meruit*. No such action lies against a county. The petition ought to have alleged sufficient facts to bring the action within the terms of the statute. This it fails to do. R. S. 1899, sec. 6759. (2) Counties can not be made liable on implied contracts, such as stated in the petition. Anderson v. Ripley County, 181 Mo. 46; Walcott v. Lawrence County, 26 Mo. 272; Crutchfield v. Warrensburg, 30 Mo. App. 402; Trask v. Livingston County, 110 Mo. 594; Sparks v. Jasper County, 113 Mo. 242; Seaman v. Levee Dist., 119 Mo. 33; Saline County v. Wilson, 61 Mo. 239; Taylor v. School Dist., 60 Mo. App. 372; Hisey v. Charleston, 62 Mo. App. 381; Woolfolk v. Randolph County, 83 Mo. 501. (3) The plaintiff introduced two contracts with the county. These contracts were not pleaded in the petition, and therefore such evidence varied from the allegations of the petition. But conceding for the sake of argument that said contracts were competent evidence under the petition, yet both contracts contained a stipulation that the parties agreed that the road commissioner should "in all cases determine the amount of work which is to be paid for under this contract, and his estimate shall be final and conclusive." If plaintiff expects to recover under the contracts, it is an essential prerequisite that he should

state in his petition that the road commissioner had made final estimates, which the county refused to pay, or that he had willfully failed and neglected to make such final estimates, or that his final estimates, if any, were false and made capriciously or maliciously. It is hardly necessary to remark that the petition alleges no one of these prerequisite grounds. Dinsmore v. Livingston County, 60 Mo. 244; Williams v. Railroad, 112 Mo. 489; Chapman v. Railroad, 114 Mo. 549; Williams v. Railroad, 153 Mo. 499; Ray v. Boteler, 40 Mo. App. 222; Eldridge v. Fisher, 59 Mo. App. 53; McNees v. Insurance Co., 69 Mo. App. 236; Mockler v. St. L. Inst., 87 Mo. App. 475.

VALLIANT, J.—Plaintiff sued the county for balances on account claimed to be due him for work performed in improving certain public roads in the county. The petition does not allege that the work was done under an express contract further than to say that the defendant employed the plaintiff to do the work. There are two counts in the petition, the first for a balance claimed to be due for work done on Charbonnier and Howdershell road, the second for a balance for like work on the Bonhomme road. The items of the work and their alleged value are set out in each count in the form of an account; the items in the first count amount to $13,128.55, against which plaintiff avers he has received from the county $11,912, leaving a balance due him of $1,216.55; the items in the second count amount to $11,912.01, against which plaintiff has received $10,892.34, leaving a balance due him of $1,019.67, for which balances judgment is prayed.

The answer was a general denial as to each count and an affirmative plea that the work done was under written contracts wherein, among other things, it was provided that all measurements and estimates of amounts due plaintiff were to be made by the commissioner of roads and bridges, whose action therein

should be conclusive; that acting under that specification in the contracts, the commissioner did make and furnish to plaintiff and to defendant each estimates of the measurements and of the amounts due plaintiff, and defendant has made full payment to the plaintiff of the amounts so fixed by the commissioner.

The reply was a general denial.

At the beginning of the trial counsel for defendant objected to any evidence on the part of the plaintiff on the ground that the petition did not state facts sufficient to constitute a cause of action against the county; the point being that since a county could not be rendered liable in such a matter except on a written contract, and this petition being in form a declaration on an implied contract, it stated no cause of action against defendant. The objection was overruled.

The evidence on the part of the plaintiff tended to prove all the items of the account as stated in the petition except the items of digging trenches for the roadbeds, which were charged in the account as double of the real amount, that is to say, in the first count this item was stated thus: "Digging trench for roadbed, double measurement, 10,933.4 cu. yds. at 18c per cu. yd.—1968.01;" in the second count it was: "Digging trench for roadbed, double measurement, 8936 cubic yards at 21c per cu. yd.—$1876.55." The price per cubic yard was correctly stated, but the number of cubic yards stated was double their real number in each count. The real controversy in the case was as to the plaintiff's right to a double measurement in those items.

The contracts pleaded in the answer were introduced in evidence by the plaintiff, which contained the clauses in reference to the decision of the commissioner as to the estimates being final; there was nothing in the contracts about double measurement, but the specifications were that the plaintiff should be paid in

the one instance eighteen cents and in the other twenty-one cents per cubic yard for grading.

From time to time during the progress of the work the commissioner gave monthly estimates to the plaintiff on which he drew pay and in the end gave him a final estimate as the balance due on the completed contracts, which did not contain the double estimate which plaintiff now claims, and he testified that when he presented the same to the county court for payment and received the payment therein called for he refused to give a receipt in full and insisted that he was entitled to the amount now claimed.

The work was not done under the immediate supervision of the commissioner, but under an assistant appointed by the commissioner.

Plaintiff had been engaged as a contractor doing this kind of work in St. Louis county for nineteen years; he was asked if it was not the usual custom to allow contractors double measurement for the kind of work for which he was claiming it, but the defendant objected to the question and the objection was sustained.

The commissioner was a witness in behalf of the defendant and he testified that it had been the custom as long as he had been in office to allow double measurement for this particular kind of work, and he testified that in point of fact the estimates he gave the plaintiff did contain double measurement. We infer that the trench for the roadbed for which double measurement is claimed, differed from ordinary grading, in that it was required to be done with greater particularity and to be done by hand instead of by machine, since it was to be the foundation for Telford pavement.

The fact in dispute was this: The commissioner who designed the road improvement estimated that the actual excavation for the Telford should be five-tenths of a foot in depth, and he drew the profiles and plans for the contractor's guidance showing that depth, and

he testified that in his opinion that was the actual depth of the excavation made and that when he made the final estimate he gave the contractor double measurement of that depth, that is twelve inches. But the plaintiff testified that under the direction of the assistant commissioner the excavation was made to an actual depth of twelve inches, and the claim is for a double measurement of a twelve-inch excavation.

There were some small items of extra work claimed, but as to them the commissioner testified that he allowed them in the final estimate and plaintiff was paid for them.

The trial was by the court, jury waived; the finding and judgment were for the defendant, and the plaintiff appealed.

I. The court overruled the objection of defendant that the petition did not state a cause of action against the county because it was a declaration on an alleged implied contract, whereas the county could only be liable under an express contract. The court ruled correctly on that point, if for no other reason, because the answer came to the aid of the petition and showed that the work was done under express contracts.

II. In each contract it is stipulated: "To prevent all disputes and litigation, it is further agreed by the parties hereto, that the road commissioner shall in all cases determine the amount of work which is to be paid for under this contract, and his estimate shall be final and conclusive."

That is a valid agreement, and a wise one to be put into contracts of this kind, and the action of the road commissioner covered the point in dispute. His estimate of the extent of the excavation was that it was five-tenths of a foot deep and although the work was not done under his personal supervision, yet he testified that in his opinion it did not exceed that depth. That was a matter especially within his province to

decide and his decision should be final. But he also testified that his estimate allowed the plaintiff double measurement on a basis of five-tenths of a foot.

Although the decision of the road commissioner is sufficient to justify the judgment of the circuit court, yet we feel in duty bound to express our opinion on the claim for double measurement, lest passing it over in silence should lead to misapprehension. The requirements of our statutes in regard to contracts for public work to be paid for out of the county treasury are very strict. Section 6759, Revised Statutes 1899, now section 2778, Revised Statutes 1909, not only requires all such contracts to be in writing, but that they shall express the consideration to be paid by the county. The county court cannot lawfully pay for work done under such a contract a greater price than is therein expressed. In Anderson v. Ripley County, 181 Mo. 46, it was held that unless the consideration is expressed in the contract the contractor cannot recover for the work done. In the case at bar the contract calls for grading in the progress of the construction or improvement of the road and it specifies the price to be paid therefor per cubic yard, that is, eighteen cents in one road and twenty-one cents in the other. The county court would have no right, when the work was done, to pay the contractor thirty-six cents per cubic yard in the one instance and forty-two cents in the other, either for all of the grading or for a part of it. To return an estimate of twice the number of cubic yards excavated and allow payment for the double estimate at the contract price is the same as allowing payment at twice the contract price for the actual work. Custom sometimes is serviceable in interpreting a contract not clear and explicit in itself, but custom cannot authorize the county court to pay the contractor double the contract price for work done under a contract like this. If digging trenches for the roadbed is work of a different character from other grading called

for in the contract, and costs more to execute, it can be provided for as a separate item of grading in the contract and a higher price specified, but the road commissioner cannot allow nor can the county court pay more for the work than the contract price.

The trial judge had the correct view of the law. The judgment is affirmed. All concur.