C. Q. LEWIS, JR., ET AL., RESPONDENTS, v. THE NATIONAL SAVINGS BUILDING & LOAN ASSOCIATION, APPELLANT.—84 S. W. (2d) 965.

Kansas City Court of Appeals. June 24, 1935.

*Rufus Burrus, W. B. Brewster* and *Garnett & Quinn* for respondents.

*Ira B. McLaughlin* and *Paul R. Byrum* for appellant.

BLAND, J.—This is a suit for damages for the breach of a contract to apply on plaintiffs' note, owned by the defendant, the amount of certain commissions and premiums owing and accruing to plaintiffs from defendant. The note was secured by a deed of trust on plaintiffs' real estate in Jackson County and, because of defendant's failure to make the credits on the note, the deed of trust was foreclosed by it on the ground that plaintiffs had failed to make payments on it as provided by its terms. The suit is to recover plaintiffs' monetary loss by reason of the foreclosure.

There was a verdict and judgment in favor of plaintiffs in the sum of $4000 actual damages and defendant has appealed.

The principal contention of the defendant is that the petition states no cause of action. The petition alleges that the defendant is a building and loan company and that, on February 25, 1930, it loaned plaintiffs on said real estate the sum of $5500 and that plaintiffs "did upon said date execute their note in favor of defendant company in the principal sum of fifty-five hundred ($5500) dollars, payable at the rate of sixty and 50/100 dollars ($60.50) per month, said monthly payments including dues of twenty-two ($22) dollars and interest of thirty-eight and 50/100 ($38.50) dollars, respectively, and a deed of trust conveying the above described property to Paul R. Byrum as trustee, to secure the payment of said note."

"Plaintiffs further say that at all of the times herein mentioned and for sometime prior thereto they were acting as the agents of the defendant company in securing loans, making appraisements, placing insurance and selling stock and properties belonging to the defendant company; that in this connection plaintiffs earned and had accrued to them certain commissions and premiums; that shortly after plaintiffs had executed their note to the defendant company a verbal agreement was entered into between themselves and the defendant company to the effect that all commissions and premiums owing plaintiffs at the time and all commissions owing and accruing to plaintiffs thereafter were to be applied on plaintiffs' note.

"Plaintiffs further say that at all of the times herein mentioned there was owing them by the defendant company sufficient commissions and premiums, had they been applied in compliance with the verbal agreement aforesaid, to have paid all principal and interest due and owing upon their said note; that the commissions and premiums owing the plaintiffs by the defendant are as follows to-wit:"

The petition then sets forth a list of thirty-three items totaling the sum of $2,475.58. It then alleges:

"Plaintiffs further say that notwithstanding the fact that the defendant company owed them sufficient commissions and premiums to have paid all principal and interest due and owing upon their said note, the defendant did on March 8, 1932, wilfully and intentionally and in violation of said agreement cause the trustee to sell the property hereinbefore described and at the sale the defendant became the purchaser for forty-five hundred ($4500) dollars, received the trustee's deed therefor and entered into possession of said property; that at the time of the sale said property was reasonably worth seventy-five hundred ($7500) dollars, or four thousand eight hundred ninety-one and 60/100 ($4,891.60) dollars over and above the mortgage debt; that by reason of the premises, plaintiffs have been damaged in the sum of four thousand eight hundred ninety-one and 60/100 ($4,891.60) dollars."

The petition then sets forth the facts upon which punitive damages in the sum of $5000 are prayed.

Defendant filed an answer alleging:

"That on February 25, 1930, the plaintiffs were the record owners of real estate described in their amended petition; that defendant did make a loan to plaintiffs who executed their note and deed of trust to defendant.

"Defendant denies that the amount of the loan was fifty-five hundred ($5500) dollars but alleges and states that the sum of fifty-two hundred fifty ($5250) dollars as evidenced by said note and the credit on said note of two hundred fifty ($250) dollars as of January 28, 1930, the date of the closing of said loan.

"Defendant further admits that the plaintiff C. Q. Lewis, did from time to time act as special agent for defendant in securing of loans in the city of Independence, Missouri, and in the making of appraisements and the sale of said properties belonging to defendant, thereby earning certain commissions and credits; that a verbal agreement was entered into between the parties hereto providing for the credit of such commissions on the interest of said note and on the building and loan stock securing said note above referred to except such commissions as were otherwise paid.

"Defendant alleges that all such commissions so earned by the plaintiff C. Q. Lewis were paid to the plaintiffs or were credited to their said interest and stock, a just, true, full, accurate and complete statement of all such credits being attached hereto, made a part hereof and marked 'Exhibit 1.'

"Defendant further answering states that because of default for more than six months in the payments of dues and interest provided for in the note secured by the deed of trust aforesaid, it caused the

trustee in said deed of trust to advertise and sell said real property, and at said sale it did become the purchaser of said property for the price and sum of forty-five hundred ($4500) dollars, and did receive a trustee's deed therefor, and entered into possession of said real property.

"Defendant denies that at the time of the trustee's sale aforesaid it owed the plaintiff sufficient commissions and premiums to have paid all of the principal and interest due and owing upon said note.

"Further answering defendant denies that it violated its agreement in any manner, or that at the time of the sale said property was reasonably worth seventy-five hundred ($7500) dollars, or that plaintiffs have been damaged by any acts of the defendant, but defendant alleges the facts to be that after allowing plaintiffs all just and proper credits then due them, that the payments and interest required by the note secured by said deed of trust, were more than six months in default at the time said property was advertised for sale.

"Defendant denies that at the time of said sale there was owing to the plaintiffs the alleged commissions and premiums set out in detail and itemized in plaintiff's first amended petition, but states that many of said alleged credits so claimed by the plaintiffs were paid to the plaintiffs in cash; that many other of the said alleged credits so claimed by the plaintiffs were not earned, due, or owing to the plaintiffs by the defendant; that many other of said alleged credits so claimed by the plaintiffs were in fact credited by the defendant in full on plaintiffs' account."

A counterclaim was also filed which sought to recover a deficiency judgment based upon the foreclosure.

Defendant says that the petition stated no cause of action because none of the terms of the deed of trust are pleaded; that the petition fails to plead that plaintiffs performed "the terms of the deed of trust;" that the petition attempts to allege payment of the note *pro tanto* but fails to set out facts showing accord and satisfaction.

Although the point that the petition fails to state a cause of action may be raised at any stage of the proceedings, nevertheless, after verdict for the plaintiff it must be given a liberal construction and if it states any cause of action, whatever, however defective it may be, it now may not be successfully attacked. [Hawkins v. Paeben, 58 S. W. (2d) 437, 438.]

We think that the defendant misconstrued the allegations of the petition. It does not attempt to state a cause of action for wrongful foreclosure and the action stated is not based upon the deed of trust but it states a cause of action for damages resulting from the failure of defendants to credit the indebtedness with the commissions and premiums that it owed the plaintiffs at the time of the foreclosure. It was the breach of the contract so to do which constituted the

basis of the action pleaded (see Mo. Real Estate Syndicate v. Sims, 179 Mo. 679). No violation of the terms of the deed of trust is claimed but that instrument was merely evidentiary and need not have been pleaded. [State ex rel. v. So. Surety Co., 19 S. W. (2d) 691, 693.]

It may be true that in suing upon a contract a plaintiff, generally speaking, must allege due performance on his part of all of the dependent covenants of the contract or at least an offer to perform or a legal excuse for nonperformance (see 13 C. J., pp. 725, 726), but, as before stated, this is not a suit upon the deed of trust. The same answer may be made to defendant's contention that plaintiffs attempted to plead payment of the indebtedness that accrued upon the note up to the time of the foreclosure but failed to plead facts showing an accord and satisfaction. At this stage of the proceedings as we construe the petition it does not plead payment but a foreclosure resulting *from failure to pay*. In other words a violation of the agreement had between the parties wherein defendant agreed to pay by crediting the indebtedness with the commissions and premiums, resulting in foreclosure of the property and loss to the plaintiffs. As we understand the theory of the petition it states a cause of action essentially no different than one arising where A agrees with B that the former will make payments on B's indebtedness to C and as a result of A's failure to comply with his contract to B to pay C, the latter forecloses the deed of trust on A's property given to secure the indebtedness. In such a cause B's action against A would be based on the theory that A had failed to pay the indebtedness and that his violation of the agreement in this respect had resulted in the foreclosure.

Not being able to accept defendant's theory of the petition we find that the numerous authorities cited by it are not in point.

It is claimed that the petition, where it says, that the defendant did "on March 8, 1932 . . . *in violation of said agreement clause*," etc., states a legal conclusion and, in addition, it cannot be ascertained as to what agreement is referred to; that there were three agreements mentioned in the petition, (1) the note, (2) the deed of trust, (3) the verbal agreement to apply the commissions and premiums on the indebtedness. Taking up the latter contention first it will be noted that the only agreement that is referred to *in terms* prior to the use of the words italicized was the verbal agreement and the only inference to be drawn from the words in dispute is that they refer to that agreement. As to the italicized words amounting to merely a conclusion, if they were stricken out of the petition it would still allege sufficient facts to show a violation of the verbal agreement, so their presence in the petition is unimportant.

It is claimed that the petition does not allege any facts showing "that the defendant employed plaintiffs as its brokers or agents or that by its authority plaintiffs were 'acting as agents of the defendant' or that said properties were listed by defendant with plaintiffs for sale or that defendant agreed to pay or credit plaintiffs on said note a definite, a determinable or reasonable sum as a commission in the event they found buyers for said properties, ready, willing and able to buy the same, or that plaintiffs produced such buyers or effected a sale of the real estate, or that defendant entered into an exclusive sale agency with the plaintiffs with reference to the sale of said real estate; that is to say, none of the terms of the alleged agency or brokerage agreement between plaintiffs and defendant is alleged; performance of such agreement by plaintiffs is not alleged; neither do plaintiffs plead the waiver of such performance or an excuse for not performing."

This is not a suit to recover a commission or commissions but the action is based upon a failure to credit on the indebtedness certain commissions, etc., in violation of an agreement so to do. If the petition should have alleged anything further in reference to the earning of the commissions the matter was cured by the answer of defendant admitting that certain commissions were earned and joining issue with the plaintiffs as to the amount thereof. [49 C. J., p. 864; Goudie v. National Surety Co., 288 S. W. 369; Wolff v. Ins. Co., 204 Mo. App. 491, 498; Davidson v. Laclede Land & Improv. Co., 253 Mo. 223; Fledderman v. Mfgs. Ry. Co., 254 S. W. 717; Springate v. United Rys. Co., 253 S. W. 478; McCormick Har. Mch. Co. v. Blair, 181 Mo. App. 593; Preiss v. St. Louis Co., 231 Mo. 332; Allison v. Cemetery Co., 283 Mo. 424, 432.]

The items of the commission are not explained in the petition where such items are set out but are merely referred to as:
"COMMISSIONS DUE ON REAL ESTATE DEALS.
"On Home Ave. house sold to Douglas $162.50," etc.
"COMMISSIONS DUE ON DOUBLE STOCK SOLD FOR NATIONAL BUILDING AND LOAN ASSN.
"Stock sold to Dr. Reese 60.00," etc.
"INSURANCE PREMIUMS DUE.
"On insurance placed to John W. French 33.00," etc.
"CASH, CHECK AND LOAN COMMISSIONS DUE FOR CREDIT.
"2 checks in sum of $57.75 each, given to National Building & Loan Assn. 115.00," etc.

Defendant complains of the indefiniteness of the allegations of these items but if, in the trial court, it thought that they afforded

insufficient information it should have filed a motion to make them more specific but instead of so doing it filed an answer joining issue on the items alleged to have been due.

It is claimed that the petition fails to allege facts sufficient to show that plaintiffs have lost their equity of redemption because the petition does not state that the deed of trust contained "a power of sale" provision and if there was none the deed amounted to no more than "a redeemable mortgage." If the petition is defective in this respect the matter was cured by defendant's answer and counterclaim wherein it, is admitted that the sale was a valid one (see cases last cited). By its counterclaim defendant seeks to recover a deficiency judgment against the plaintiffs. That plaintiffs have lost their equity of redemption seems beyond question. [See Mo. Real Estate Syndicate v. Sims, supra.]

It is pointed out that the deed of trust introduced in evidence by the plaintiffs provided for the performance of four conditions by them, other than to make payments on the indebtedness, in order to save the mortgage from being in default, to-wit: (1) to pay all taxes, (2) to keep the buildings on the land insured, (3) to pay all prior liens, (4) to keep the premises in good condition and repair and not to waste. It is urged that there is no evidence that these conditions were fulfilled but, on the contrary, the evidence shows that plaintiffs did not pay the 1931 taxes assessed against the land as described by the tax receipts introduced in evidence by defendant showing that it had paid these taxes. As before stated, this suit is not upon the deed of trust. The petition alleges, and there was evidence tending to show, that the deed of trust was foreclosed on the ground of nonpayment of the indebtedness. If the deed of trust was foreclosed on any other ground then the loss sustained by the plaintiffs, by reason of the violation by defendant of the agreement to credit the commissions and premiums on the indebtedness, resulted in no more than nominal damages to them and defendant could have shown such to have been the facts. However, defendant did not claim that the foreclosure was caused by any other default in the terms of the deed of trust but, in its answer, admitted that the foreclosure was caused by default in the payment of the indebtedness. Consequently, the nonpayment of the taxes was not an issue. Plaintiffs' evidence did not show such nonpayment but this was brought out by defendant. Plaintiffs claim that this matter was gone into by the defendant to show the assessed value of the property as a part of the defendant's evidence on the measure of damages. Defendant denies this. Whatever the facts in this regard may be, as before stated, there was no issue made that the deed of trust was foreclosed for nonpayment of taxes assessed against the property.

The judgment is affirmed. All concur.