231 S.W.2d 291 (1950)
RILEY
v.
WHITE et al.
No. 27869.
St. Louis Court of Appeals. Missouri.
June 20, 1950.
Motion for Rehearing or to Transfer to Denied July 18, 1950.
As Amended September 8, 1950.
*293 D. Calhoun Jones, St. Louis, Philip S. Alexander, St. Louis, for appellants.
Raymond F. McNally, Jr., St. Louis, for respondent.
Motion for Rehearing or to Transfer to Supreme Court Denied July 18, 1950.
McCULLEN, Judge.
This is an action in two counts, both of which arise out of the sale of an apartment house by defendants to plaintiff. The first count of plaintiff's petition seeks damages arising out of the breach of part of a contract and the second count charges that defendants fraudulently concealed a latent defact in the building sold and prays for both actual and punitive damages. Defendants failed to file an answer after all of them had been duly served by April 16, 1949, and a default and inquiry was granted as to all defendants on May 18, 1949. On June 1, 1949, the case was called for hearing and defendants did not appear, nor did any one appear for them. After a hearing by the court there was a finding and judgment for plaintiff for actual damages on both counts, totaling $516.15, and for punitive damages on the second count in the sum of $2,000.00.
On August 25, 1949, defendants filed in this court a motion for a special order allowing an appeal from the judgment. This motion recited that defendants had employed a lawyer to represent them as soon as they had been served with summons in the case but that the lawyer was ill and unable to attend to his practice from the time he was so employed until the first of the following August, and that by reason of this he failed to plead or defend them in this case. After considering plaintiff's objections to allowing the appeal, the appeal was allowed, and the main points raised here by defendants as appellants have to do with the sufficiency of plaintiff's petition to state a cause of action.
The petition alleged:
"Count I
"1. That on or about March 24, 1948, he entered into a contract in writing with the defendants whereby they agreed to sell and he agreed to purchase for the consideration of Twenty-one Thousand Dollars ($21,000.00) the real estate commonly known as 5133 Waterman Avenue, in the City of St. Louis, State of Missouri; that said real estate was improved with a three family apartment building and a four car brick garage.
"2. That the plaintiff did all things and performed all acts required of him in said contract; that included in said contract and the terms of said sale were certain fixtures, namely:
"(a) Four French folding doors and hinges,
"(b) One single door,
"(c) One dining room electric chandelier; and that, notwithstanding their obligations in said contract and said terms of sale, the defendants failed and refused to deliver possession of said premises to plaintiff complete with the aforesaid fixtures.
"3. That the fair and reasonable cost of replacing the said four French folding doors and one single door is:
"(a) four French folding doors $79.80 "(b) one single door 20.00 "(c) door hinges for said doors 2.40 ________ Total cost $102.20
*294 "4. That the plaintiff has been obliged to purchase the following new fixture and to pay the following charge for installation thereof as replacement for a similar fixture removed by the defendants and not delivered to plaintiff as aforesaid, namely:
"Dining room chandelier $14.95 "Hanging dining room chandelier 5.00 _______ $19.95
"Wherefore, the plaintiff claims judgment against the defendants in the amount of One Hundred Twenty-two and 15/100 Dollars ($122.15).
"Count II
"1. Plaintiff adopts and incorporates herein Paragraph 1 of Count I as Paragraph 1 of Count II.
"2. That in said apartment building there was a stairway running from the first floor to the third floor, inclusively; that at the time of the making of said written contract, and on April 12, 1948, the date of the delivery of the general warranty deed from the defendants Robert Lee White, Betty Chappell White, George C. White, and Marie A.White, to the plaintiff, said stairway was in a dangerous and unsafe condition, all of which facts were known to the defendants and were unknown to the plaintiff and could not have been learned by the plaintiff from inspection of said premises; that notwithstanding, the premises and their duty to inform the plaintiff of all latent defects in said building of which they had superior knowledge and of which the plaintiff could not know, the defendants not only deliberately and fraudulently failed to advise the plaintiff of the dangerous and unsafe condition of said stairway, but knowingly and falsely represented to him that the buildings were free to their knowledge from latent defects.
"3. That the plaintiff, acting in reliance upon the silence and false representations of defendants, did consummate said purchase as aforesaid; that subsequently thereto and upon the order of the Building Commissioner of the City of St. Louis, plaintiff was obliged to and did repair the stairway in said building; that the cost of said stairway to the plaintiff was the sum of Three Hundred Ninety-four Dollars ($394.00), which was the fair and reasonable cost therefor.
"Wherefore, the plaintiff claims judgment against defendants in the amount of Three Hundred Ninety-four Dollars ($394.00) with interest thereon from and after July 20, 1948, the date of payment for the repairs to the stairway by the plaintiff as aforesaid, as actual damages; and by reason of the deliberate fraud and deceit practiced upon plaintiff in the premises by the defendants, plaintiff claims judgment against defendants in the further sum of Two Thousand Dollars ($2,000.00) as punitive damages."
For convenience appellants will be referred to herein as defendants and respondent will be referred to as plaintiff. Defendants contend that the trial court erred in finding for plaintiff on each of the two counts of his petition and argue that each of said counts failed to state a cause of action and claim upon which relief could be granted.
Defendants assert that the petition of plaintiff pleaded mere conclusions. They contend that plaintiff's petition failed to follow elementary pleading technique in that it failed to set out the contract or to attach it to the petition and incorporate it therein by reference and that having failed to do those things plaintiff further failed to state the terms of the contract.
We are unable to agree with defendants on this point. The petition of plaintiff alleged in Count I, "That on or about March 24, 1948, he entered into a contract in writing with the defendants whereby they agreed to sell and he agreed to purchase for the consideration of Twenty-one Thousand Dollars ($21,000.00) the real estate commonly known as 5133 Waterman Avenue, in the City of St. Louis, State of Missouri; that said real estate was improved with a three family apartment building and a four car brick garage. 2. That the plaintiff did all things and performed all acts required of him in said contract; that included in said contract and the terms of said sale were certain fixtures, * * *." At this point in his petition plaintiff described *295 certain folding doors and hinges and a dining room electric chandelier and then alleged that notwithstanding the obligations of defendants in said contract and said terms of sale defendants failed and refused to deliver possession of the premises to plaintiff complete with said fixtures.
Plaintiff's petition then alleged the cost of replacing said doors and hinges and also alleged that he was obliged to purchase a new dining room chandelier and further alleged the cost thereof and the cost of installing it, after which he prayed judgment against defendant in the total sum of $122.15, representing the amount of expense he had been put to by the failure of defendants to comply with the terms of the contract.
We are of the opinion that Count I of the petition stated a claim upon which relief could be granted. It appears to us to state ultimate facts and not mere conclusions. The facts stated, if found to be true, entitled plaintiff to a judgment for the amount alleged. Plaintiff was not required to attach to his petition a copy of the written contract sued on nor to set it forth in haec verba, because he pleaded the legal effect thereof. See Section 55 of the New Civil Code, infra. The contract was introduced in evidence as plaintiff's exhibit 1. A comparison of the contract with plaintiff's petition shows that plaintiff has correctly and properly stated in Count I of his petition the legal effect of the contract.
Section 55 of the New Civil Code, Laws Mo. 1943, page 373, Mo.R.S.A. § 847.55, provides: "Whenever a claim, defense, or counterclaim is founded upon a written instrument, the same may be pleaded according to legal effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit." (Emphasis ours.)
It will be noted that the statute; Section 55, supra, provides that a pleader may do one of three things in a suit where a claim is founded upon a written instrument, namely, plead the written instrument according to its legal effect, or recite it at length in the pleading, or attach a copy to the pleading as an exhibit. Having pleaded the written instrument according to its legal effect, it was not necessary for plaintiff to do more. Even under Section 967, R.S.Mo. 1939 of the former Code of Civil Procedure, which has been repealed, although it provided that when a petition was founded upon an instrument of writing charged to have been executed by the other party, the same or a copy thereof should be filed with the petition, it was nevertheless held that if a pleader failed to file the instrument called for, such failure did not go to the substance of the cause of action stated in the petition. It merely entitled the adverse party to request the court to order the document filed or in the alternative to dismiss the case. National Union Fire Ins. Co. v. Nevils, 217 Mo.App. 630, 274 S.W. 503; South Side Bank of Kansas City v. Ozias, Mo.App., 155 S.W.2d 519. In the case at bar it would not have been necessary for plaintiff to have pleaded the contract in haec verba.
In City of St. Charles v. Union Electric Co. of Missouri, Mo.App., 185 S.W.2d 297, 302, the court said: " * * * it is an act of bad pleading to set out the instrument in haec verba instead of by its legal effect. To set out the instrument in haec verba is to plead the evidence, and not the ultimate facts upon which the pleader depends for his recovery. * * *"
In Cantrell v. Knight, Mo.App., 72 S.W. 2d 196, 198, the court said: "* * * Good pleading requires that the ultimate facts constituting a cause of action should be stated in the petition and not evidentiary matters. The contracts relied upon in this case should therefore have been pleaded according to their legal effect and not in haec verba. * * *" See also Lechner v. City of St. Louis, Mo.App., 121 S.W.2d 242, 245, where the court held that the petition of plaintiff therein did plead the ultimate facts, which plaintiff relied upon to state their cause of action, and that it was not necessary to plead evidence.
We are of the opinion that Count I of plaintiff's petition stated a cause of action against defendants and is not open to the objections made by defendants.
Coming now to Count II of plaintiff's petition, we find that it alleged that plaintiff *296 entered into a contract in writing with defendants wherein defendants agreed to sell and plaintiff agreed to buy the apartment building for $21,000.00; that in the building there was a stairway; that when the deed was delivered the stairway was in a dangerous and unsafe condition; that at said time defendants knew of said condition and that the plaintiff did not know of the condition and could not have learned of it from inspection of the premises; that the defendants "not only deliberately and fraudulently failed to advise the plaintiff of the dangerous and unsafe condition of said stairway, but knowingly and falsely represented to him that the buildings were free to their knowledge from latent defects."
Said second count further alleged that plaintiff relied upon the silence and false representations of defendants; that while so relying plaintiff consummated the purchase of the building; that subsequently plaintiff was obliged to and did make the necessary repairs upon the stairway, and that the cost of repairs was $394.00, which was fair and reasonable and to said extent plaintiff was damaged.
Defendants contend that Count II of the petition did not state a cause of action and that the case pleaded was not one in which punitive damages could be properly awarded. It is unnecessary to discuss the many propositions of law which defendant cites in connection with this point. Many of them may be conceded to be correct declarations of abstract legal principles, but we must remember that the attack on the sufficiency of the petition is made for the first time in this court on appeal which means that even conclusions of the pleader may be construed as allegations of fact.
In Jones v. F. W. Woolworth Co., 234 Mo.App. 1189, 1194, 122 S.W.2d 41, 44, the court answering an argument of the plaintiff therein that certain allegations constituted mere conclusions said: "Moreover, the answer was not attacked in any manner in the court below, and even though the allegation in question be regarded as a mere conclusion it is sufficient as against an attack made for the first time on appeal. (Citing cases.)"
In Nahn-Heberer Realty Co. v. Schrader et ux., Mo.App., 89 S.W.2d 142, 144, the sufficiency of the petition was challenged for the first time in the appellate court, presenting the same situation as we have before us in the case at bar. In said case the court said: "When the attack on the sufficiency of the petition is made for the first time in the appellate court, it will be held good unless it wholly fails to state a cause of action, and, in ruling on its sufficiency, the reviewing court must indulge every reasonable intendment in favor of the petition and must take as true all allegations therein contained and construe them liberally in favor of the petition, and if it finds that matter material to plaintiff's cause of action be not expressly averred, but the same is necessarily implied from what is stated therein, the defect is cured by verdict; * * *."
In Security Stove & Mfg. Co. v. American Ry. Express Co., 227 Mo.App. 175, 179, 51 S.W.2d 572, 575, the court said: No attack was made upon the petition at the trial and at this late day it must be adjudged to be sufficient if it states any cause of action whatever, * * *."
The same principle was applied by the court in Ellyson et ux. v. Missouri Power & Light Co., Mo.App., 59 S.W.2d 714, 717, where the court said: " * * * and especially are we impelled to this conclusion in view of the fact that pleadings are to be accorded their fullest intendments when objection is first made to them at this stage of the proceeding. Hemphill Lumber Co. v. Arcadia Timber Co., Mo.App., 52 S.W.2d 750."
Another clear statement of the principle which we are discussing will be found in Lewis et al. v. National Savings Building & Loan Association of Missouri, 229 Mo.App. 1003, 1007, 84 S.W.2d 965, 967, where the court said: "Although the point that the petition fails to state a cause of action may be raised at any stage of the proceedings, nevertheless, after verdict for the plaintiff it must be given a liberal construction and if it states any cause of action, whatever, however defective it may be, it now may not be successfully attacked."
*297 Since we have heretofore set forth verbatim the allegations of plaintiff's petition, it is unnecessary to repeat them here. Under the long settled doctrine of the courts of this state, as shown by the above quoted decisions, we hold that plaintiff's petition, not having been attacked until it reached this court, stated a cause of action against defendants in Count II as well as in Count I.
We must now determine whether or not the evidence is sufficient to support the judgment on each of the two counts. As to the first count, on which the court entered judgment in favor of plaintiff and against defendants for $122.15, a mere reading of the testimony of plaintiff, who was the only witness to testify in the case, shows that there is ample evidence to sustain the judgment on said count. The testimony showed conclusively that plaintiff sustained a loss in the amount named by reason of the failure of defendants to deliver to him, in accordance with their written contract, the items of property alleged in said first count. Plaintiff was clearly entitled to recover on the first count; therefore, the judgment in his favor on that count was correct.
As to the second count, a review of the evidence leads us to the conclusion that it is wholly insufficient to sustain the judgment on that count. Said count deals with alleged fraud and misrepresentations by defendants with respect to the condition of the stairway of the apartment building. The burden was on plaintiff to adduce some substantial evidence to sustain said allegations to entitle him to actual damages, to say nothing about punitive damages. Plaintiff himself testified:
"Q. Prior to the time you purchased the building you had been there, had you not? A. Yes.

* * * * * *
"Q. Was anything at all said to you by any of the defendants, or the Whites, relative to the stairway in the building? A. No.
"Q. Mr. Riley, you previously went through the building? A. Yes.
"Q. Had you noticed anything about the stairway? A. No. It was a large iron stairway.
"Q. There was nothing noticeable from your inspection? A. No; it was usable.
"Q. Just from visual inspection? A. Yes."
Plaintiff then testified that he was later advised by the Building Commissioner of the City of St. Louis that an inspection had been made of the stairway and that since he was the new owner of it he would have to make necessary replacements which were called "repairs."
Plaintiff's testimony showed the repairs which he made on the stairway and the cost thereof. He also testified at length concerning certain papers from the files of the office of the Building Commissioner of the City of St. Louis, showing notices on various dates given to defendants as prior owners of the property requiring that the hand rails on the stairway and the hand rail posts be fixed "because they were rusting through." It appears that the stairway was made of iron and had been constructed as a fire escape.
In all the testimony given by plaintiff we find nothing to equal or outweigh his own statements wherein he testified:
"Q. Was anything at all said to you by any of the defendants, or the Whites, relative to the stairway in the building? A. No."
The above testimony conclusively shows that defendants did not misrepresent the condition of the stairway because it is plaintiff's own testimony, and he stated unequivocally that defendants said nothing to him about the stairway. Furthermore, we are of the opinion that all of the testimony given by plaintiff concerning the notices from the Building Commissioner's office was wholly insufficient to prove that the stairway was in "a dangerous and unsafe condition" as charged by plaintiff in his petition.
*298 Plaintiff did not put on the stand a single witness to testify that the stairway was dangerous or unsafe. On the contrary, plaintiff himself, who made a visual inspection, said there was "nothing noticeable" about it; that it "was usable." The proof adduced by plaintiff that notices to repair were given by the Building Commissioner's Office did not constitute proof that the stairway was in a "dangerous and unsafe condition" as charged by plaintiff in his petition.
Plaintiff visited the premises before he purchased the building and saw the stairway which was fully open to his view and inspection. Hence, there was nothing to show that defendants had superior knowledge of the premises, nor was there any evidence to show that plaintiff was prevented by any acts of defendants from acquiring knowledge equal to theirs of the condition of the stairway. In the absence of a duty to speak, mere silence cannot be held to be fraudulent. 26 C.J. 1069; 37 C.J.S., Fraud, § 15. See Vendt v. Duenke, Mo.App., 210 S.W.2d 692, 699, wherein this court set forth at length the duties and obligations of the respective parties involved in a suit based upon alleged fraud in the sale of a dwelling house. Misrepresentation by silence has no place in this case because there is no evidence to show any confidential or fiduciary relationship between plaintiff and defendants. Their relationship was simply that of the ordinary buyer and seller of property which they all had equal opportunity to view and inspect. It has long been the rule in this state that patent defects cannot be made the subject of misrepresentation where, as here, the buyer has inspected the property involved. Morse v. Rathburn, 49 Mo. 91.
The record shows that this was a special appeal allowed to defendants because the trial of the cause in the Circuit Court by default was due to the illness of defendants' counsel, who, because of such illness, failed to appear to represent defendants at the trial although they had been properly served with summons. As sometimes happens in trials by default, the evidence as to the second count appears to have been presented hurriedly and without proper regard for its probative value to prove the issues being tried. The practice should be exactly the opposite. Where a party seeks a judgment against another who is in default and not represented by counsel, he should proceed with even more care than usual to see that all requirements of the law are met. This for the very reason that the other side is not represented.
Under the circumstances shown in this record we believe it would be manifestly unjust for us to permit the judgment for actual and punitive damages on the second count to stand, even though plaintiff contends that the only question before this court is the sufficiency of his petition to state a cause of action because, as plaintiff asserts, defendants have not raised any other question. It is true that defendants have not pressed any argument in their briefs on the question of plaintiff's failure of proof on the second count. However, we find defendant's brief contains an assignment that the court erred in entering judgment for defendant on both counts since "plaintiff neither pleaded nor proved the case." Moreover, we are of the opinion that Supreme Court Rule No. 3.27 was made to be utilized in just such a situation as we have before us. That rule provides that plain errors affecting substantial rights may be considered on appeal in the discretion of the court although not raised in the trial court nor preserved for review "when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." The principle underlying the above rule was applied by our Supreme Court prior to the adoption of said rule although it was accompanied by warnings of caution in its application. See State ex rel. Alton R. Co. v. Shain, 346 Mo. 681, 143 S.W.2d 233.
Since we have found that there is no substantial evidence to support the judgment on the second count, which not only awarded actual damages, but also allowed $2000.00 as punitive damages, we believe that "manifest justice" requires that we reverse the judgment on said count.
*299 The judgment is affirmed as to the first count and reversed as to the second count, and the cause is remanded with directions to the Circuit Court to hold in abeyance the judgment on the first count and retry the cause on the second count, after which the court shall enter such judgment on the second count as may be warranted by the evidence, along with the judgment on the first count which we have affirmed herein.
ANDERSON, P. J., and HUGHES, J., concur.