SAMUEL B. SHOUT, RESPONDENT, v. GUNITE CONCRETE AND CONSTRUCTION CO. ET AL., APPELLANTS.—41 S. W. (2d) 629.

Kansas City Court of Appeals. June 15, 1931.

*Madden, Freeman & Madden* for respondent.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau* for appellants; *Frank L. Barry* of counsel.

CAMPBELL, C.—This is a controversy arising under the Workmen's Compensation Act. From a judgment affirming an award in favor of plaintiff and against defendants, the defendants brought the case to this court by separate appeals which, upon the record, are causes numbered 17249 and 17254. Upon submission the appeals were, by agreement of the parties and by order of the court, consolidated.

The plaintiff's claim was filed with the commission on July 1, 1929. It is therein stated that claimant was an employee of the defendant Gunite Concrete & Construction Company of Kansas City, Missouri; that the name of the insurer was Globe Indemnity Company; that the average weekly wage of plaintiff was $30; that the injury was received on October 20, 1927, in Pierre, South Dakota; that the injury was total and permanent, and that compensation had been paid therefor to the date of the filing of the claim in the sum of about $1200.

The defendants filed answer in which it is averred that they deny each and every statement and allegation made in the claim in answer to questions numbers eleven to eighteen except question seventeen, and that they deny any and all liability to pay compensation to plaintiff under the Missouri Workmen's Compensation Law, for the reason that the accident occurred in the State of South Dakota, and claim for compensation was not filed with the Workmen's Compensation Commission within six months after the date of accident.

The claim was heard before Commissioner James on October 30, 1929, who, under the heading "Statement of Facts," found that it was admitted plaintiff, on October 20, 1927, was injured by accident arising out of and in the course of his employment; that at the time of injury he was working under a contract of employment which had been made in Missouri; that he had been working for the employer in the State of Missouri for six or seven years; that in the early part of October, 1927, the employer sent him to Pierre, South Dakota, at which place he was injured; that defendants admit that they have paid to said employee the sum of $1,374.75, on account of the injury, but claim that the same was paid "as provided in the compensation law of South Dakota;" that the last payment of compensation was made on October 24, 1929. Said commissioner, on

December 20, 1929, made an award in favor of plaintiff and thereafter, in due time, upon the application of defendants, the award was reviewed by the full commission who made an award in favor of plaintiff, stating therein that the statement of facts of Commissioner James "is hereby affirmed." There was ample evidence to justify the findings of fact made by the commission.

The defense tendered by answer is that the accident occurred in South Dakota; that the claim was not filed within six months after the date of accident.

The contention that compensation should be denied merely because the accident occurred in South Dakota, ignores the controlling fact that the contract of employment was made in Missouri. [Sec. 3310, R. S. 1929.] The provisions of the statute are binding upon the parties. [State ex rel. v. Workmen's Compensation Commission, 8 S. W. (2d) 897.]

The claim was not filed with the commission within six months after the date of accident.

In a few days after the accident a person, whose identity is not revealed, called on plaintiff at the hospital to which he had been taken, and said to him "he would report it (accident) to the Company Compensation of Missouri." Shortly thereafter the insurance carrier sent plaintiff a check for thirty dollars in which it is recited the payment was accepted "on account of compensation for two weeks. . . . under the South Dakota Compensation Law."

Further payments were thereafter made upon the basis of fifteen dollars per week until in May, 1929, when the payments were reduced to seven dollars and fifty cents per week.

Section 3337, provides that "proceedings for compensation" shall be begun within six months after the injury "or in case payments have been made on account of the injury . . . within six months from the date of the last payment."

That the payments were made "on account of the injury" is admitted.

But, defendants say, the payments were made under the Compensation Act of South Dakota.

There is neither pleading nor proof of the existence of a South Dakota Compensation Act. We cannot take judicial notice of the statutory law of another State. [Schroeder v. Edwards, 267 Mo. 459, 480, 184 S. W. 108.] There is therefore no foundation for the claim. Moreover, under the admitted facts plaintiff was entitled to be paid "on account of the injury" upon the basis of twenty dollars per week. Defendants could not discharge that debt by the payment of a lesser sum.

The contract of employment was made in Missouri, and the provisions of the Workmen's Compensation Act are written into the contract. [State ex rel. v. Missouri Workmen's Compensation Commission, 8 S. W. (2d) 897.]

Section 3333, of the act provides that parties to claims thereunder may enter "into voluntary agreements in settlement thereof, but no agreement by an employee . . . to waive his rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by the commission."

By the plain terms of the section settlement or compromise of plaintiff's claim, even if it had been made, was not valid, because not approved by the commission.

It is argued that the parties had the right "to agree to abide by the law of South Dakota." We have read the record and fail to find any evidence that the defendants agreed or bound themselves to abide by the law of that State.

In fact, we fail to find any evidence that defendants bound themselves to do anything. The insurer, as stated, sent checks to plaintiff but there is not a word in the record showing that it agreed to thereafter make other or further payments, and its co-defendant has not spoken except by its answer filed in the cause.

There is an old saying that "it takes two to make a bargain." We fail to find any evidence that the parties made a bargain to abide by the law of South Dakota or that plaintiff "made his election in favor of South Dakota."

Defendants are not in position to claim an agreement or election to abide by the law of South Dakota. They filed answer. We need not determine whether it was necessary for them to do so. Suffice it to say they chose to answer, and it was therefore necessary that they state all of the defenses relied upon. [Sutton v. Libbey, 201 S. W. 615, 617.]

Waiver and election are affirmative defenses and unless pleaded will not be considered. [Powell v. Dorton, 12 S. W. (2d) 453, 458.]

Under the facts found by the commission the rights of plaintiff and the obligation of defendants were fixed by the law of Missouri, and defendants should not be permitted to lessen that obligation by adopting a plan in plain conflict with the terms of the act.

"Doubt, if any, respecting the right to compensation is resolved in favor of the employee." [Betz v. Columbia Telephone Company, 24 S. W. (2d) 224, 228.]

But in this case there is no doubt. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.