RALPH CARR, EMPLOYEE, APPELLANT-RESPONDENT, v. JOHN W. ROWAN PLASTERING COMPANY, EMPLOYER; HARTFORD ACCIDENT & INDEMNITY COMPANY, INSURER, RESPONDENT-APPELLANT.—55 S. W. (2d) 727.

Kansas City Court of Appeals. November 21, 1932.

James A. Reed, James A. Taylor and Burr S. Stottle for plaintiff.

Thomas J. Brown for insurer.

BLAND, J.—These are appeals from a judgment of the circuit court sustaining an award of the Workmen's Compensation Commission.

The facts show that claimant was injured on July 17, 1931, by an accident arising out of and in the course of his employment with the John W. Rowan Plastering Company and that as a result of his injuries claimant sustained a complete loss of his left testicle. Payment was voluntarily made to claimant for eight weeks temporary total disability. At the end of nine weeks he was able to return to work and has suffered no loss of earning power. Claimant received a weekly wage of $65. The commission made an award in favor of claimant allowing him $20 per week for 40 weeks for permanent partial disability, subject to a credit of $160 paid by the insurer.

It is the contention of defendants that claimant's injury is not a scheduled injury (see section 3315, R. S. 1929), and being a permanent injury other than that scheduled it could not be paid for as a permanent disability unless there was a permanent injury causing *a loss of earning power*. A similar contention has been decided so often against defendants' theory that it is unnecessary to discuss the matter further. The point made is disallowed upon the authority of Lynch v. Gleaner Combine Harv. Co., 17 S. W. (2d) 554; Betz v. Columbia Tel. Co., 24 S. W. (2d) 224; Graf v. Nat'l. Steel Products Co., 38 S. W. (2d) 518; Sleets v. St. Louis Material & Supply Co., 39 S. W. (2d) 821.

However, defendants say that "an award for compensation should have some basis and should not be arbitrarily made. . . . This man was injured and sustained a permanent partial disability. There is no evidence in the record that he sustained an injury with the percentage of permanency" found by the commission.

The commission had before it all the facts necessary for the determination of this matter. It was admitted that claimant sustained the loss of his testicle. Defendants fail to point out or suggest the nature of the testimony that should have been adduced in order for the commission to have arrived at the percentage of the disability suffered by claimant.

The statute, section 3315, first schedules various injuries. It does not schedule the injury we are now dealing with. Compensation for that injury falls within the clause of. that section immediately following the scheduled injuries. This clause reads as follows:

"For permanent injuries other than those above specified, the said compensation shall be paid for such periods as are proportionate to the relation which the other injury bears to the injuries above specified, but no such period shall exceed four hundred weeks."

As to the amount to be awarded, no distinction is made on account of the age of the employee, his intelligence, efficiency, strength, health, condition in life or the like. The law bases the recovery solely upon disability due to the loss of a member or part of a member or function. [Graf. v. Nat'l. Steel Products Co., supra.] We are unable to see why it is necessary for the commission to hear testimony upon such as the latter mentioned matters. Presumptively its personnel is selected on account of its ability to perform the duties of a body of its kind. It would appear that it is as well qualified to pass upon the matter as ony other person or persons. We find no merit in the appeal of the defendants.

The appeal of the plaintiff is founded upon a stipulation entered into before any hearing was had by the commission or any member thereof. It appears that the insurer voluntarily paid claimant $20 per week for eight weeks of temporary total disability; that thereafter claimant requested the commission to hold a conference in the case and Mr. Paul Bindley of the Kansas City office of the commission held a conference on November 13, 1931, and recommended an award of 66 2/3 weeks permanent partial disability. Thereafter, the stipulation in question was entered into. It recites that it was agreed that the claimant was working for the John W. Rowan Plastering Company at a weekly wage of $65; that the rate of compensation, if any, was $20 per week; that the injury sustained by the claimant arose out of and in the course of his employment and that the injury resulted in the loss of claimant's left testicle, but that

he returned to work at the end of nine weeks and had lost no earning power. The stipulation further recites that it is contended by the employer and the insurer that the loss of claimant's left testicle was not a permanent partial disability within the meaning of the Workmen's Compensation Act, but it was agreed that the finding of the commission should be that the injury constituted permanent partial disability of 16 2/3 per cent of 400 weeks or 66 2/3 weeks for which compensation should be paid at the rate of $20 per week, amounting to $1,333.33, less the sum of $160 already paid for temporary total disability; that the amount was accepted by the employer and the employee as the proper amount to be awarded if the compensation law contemplates and permits any award in such a case as this beyond the nine weeks of temporary total disability. The stipulation then recites that the employer and the insurer reserved the right to appeal on the sole ground that said injury had not decreased the earning power of the employee beyond nine weeks, and for that reason no compensation was allowable under the act beyond that time.

The stipulation further recites that it is its purpose to expedite a final decision "on the one point in dispute" (that is whether the injury was compensable as a permanent partial disability), and that it would not be necessary for claimant to adduce any further evidence to sustain his claim or the amount of the award. All notices of hearings before the commission were waived. The parties agreed that the commission should hear the claim at the earliest possible date, and agreed to expedite as much as possible any appeal to the courts.

The commission refused to recognize the amount of the recovery mentioned in the stipulation because it did "not allow over 40 weeks for an injury of this character," and found that the loss of claimant's testicle amounted to 1/10 of total disability, or 40 weeks, being 1/10 of 400 weeks, as above stated.

It is the contention of the claimant that as section 3333 permits compromises and settlements and, as the law favors such settlements, (see Bricker v. Gille Mfg. Co., 35 S. W. (2d) 662, 666), the commission cannot arbitrarily, and in advance, in effect, say that it will not permit a compromise or settlement of the amount to be paid the employee for an injury of this kind. In other words although section 3333 provides that the commission must approve all settlements, it has never passed upon the merits of this settlement, but has arbitrarily adopted a rule, which the record shows was done before this injury was received, to the effect that the parties could not compromise or settle a dispute as to the amount to be allowed a workman for an injury of this kind.

The statute fixes the number of weeks that compensation should

be paid for an injury of this kind. It is true that the injury in question is not scheduled in the statute, but that part of section 3315 which we have quoted directs the commission to compute compensation in accordance with the method laid down by the statute and, therefore, it can be fairly said that the statute fixes the number of weeks that compensation should be paid for an injury of this kind, leaving a mere matter of computation to the commission. The commission has carried out the directions of the statutes and found that an injury of this kind constitutes a permanent disability of 40 weeks, being 10% of the total of 400 weeks, the maximum allowed by the statute.

There was nothing arbitrary in the refusal of the commission to recognize the stipulation. It was within the province of the commission to calculate the per cent or proportion that the character of injury in question "bears to the injuries above specified," that is the scheduled injuries (sec. 3315, R. S. 1919) and there is no reason why that fairly could not have been done by the commission in advance of the receipt of such an injury by an employee. This because the calculation involves the exercise of no discretion relative to any particular case. From what we have said it is quite apparent that the rule laid down by the statute is of universal application. All the commission is empowered to do is to make a mere calculation, that is the proportion that certain nonscheduled injuries "bears to the injuries" scheduled. The commission having refused to recognize the settlement provided for in the stipulation, which under the provisions of section 3333, Revised Statutes 1929, it had the power to do, the settlement was not binding on anyone.

The judgment is affirmed. All concur.