WILLIAM F. JOHNSTON, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(THE WARREN TEED SEED
COMPANY, Defendant in Error.)

*Opinion filed February 23, 1933—Rehearing denied April 12, 1933.*

JAMES CLARK SMITH, and ALBERT G. MILLER, for plain-
tiff in error.

BERNARD F. MARTIN, (CLYDE C. FISHER, of counsel,)
for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error awarded by this
court to review the judgment of the circuit court of Cook
county quashing the writ of *certiorari* sued out of that
court to review the finding of the Industrial Commission
on plaintiff in error's application for compensation under
the Workmen's Compensation act. The commission found
that the parties to the proceeding were not operating under
and subject to the provisions of the Workmen's Compensa-

tion act of this State and that the commission was therefore without jurisdiction. It thereupon set aside an award made by the arbitrator on hearing.

The facts are not in dispute and are these: Defendant in error is engaged in the sale of garden seeds and has its principal place of business in the city of Chicago. It has a branch office in Detroit, Michigan. Plaintiff in error, Johnston, appeared at that branch office and interviewed Harold A. Folsom, the branch manager, stating that he desired to become employed by the company. He signed the following instrument:

"Received from the Warren Teed Seed Company, of Chicago, Illinois, one brief case and portfolio and other paraphernalia, which is subject to return upon their demand.

"I understand that the following basis of payment is to take effect: If upon my first week in the field I produce $500 worth of business or more, my salary shall be $12.50 for that week, plus commission of three per cent, two per cent of which is to be payable upon acceptance of the order by the home office and one per cent when the entire order is paid for; also a $5 bonus on every $500 worth of business over $1250 per week. After the first week's portion, if I fail to produce $1250 worth of business weekly thereafter, the company reserves the right to hold back the payment of salaries for such week.      WILLIAM F. JOHNSTON. Witness: H. A. Folsom."

As will be noted, Folsom also signed the instrument as witness. A few days thereafter Johnston began working for the seed company, soliciting orders, which were sent to the office in Chicago and filled there. He continued in that employment until October 8, 1930, when he, with another salesman and Folsom, at the latter's direction, started from Detroit to Buffalo in plaintiff in error's automobile. The purpose was to solicit orders for the seed company in and around that city and elsewhere. While proceeding toward Buffalo plaintiff in error's automobile left the road and overturned and he was injured. There is no dispute as to the extent of his injuries or as to notice to the seed company. The sole question in the case concerns the applicability of the Workmen's Compensation act of this State.

Paragraph 2 of section 5 of the Workmen's Compensation act provides that the term "employee" shall include "every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois," etc. The applicability of the Workmen's Compensation act of this State to this case depends, therefore, upon where the contract of employment was made. Counsel for plaintiff in error argue that it was made in Chicago, while defendant in error argues that it was made in Detroit, Michigan.

It is an elementary principle of the law of contracts that the place where the last act necessary to give validity to a contract is done is the place where the contract is made. (*Holder* v. *Aultman,* 169 U. S. 81, 42 L. ed. 69; 2 Parsons on Contracts, 712; 2 Page on Contracts, 1718.) If, as contended by defendant in error, its branch manager, Folsom, had full power to employ plaintiff in error without acceptance or other act on the part of defendant in error at Chicago, plaintiff in error was employed outside the State and the Workmen's Compensation act of this State does not apply. Certain of the facts are pertinent to that inquiry. It will be observed from an examination of the instrument signed by plaintiff in error that Folsom did not sign it as one accepting it or as a party thereto but signed it as witness. The instrument, in fact, was not a contract but an offer. No reason appears why Folsom should sign as witness if he was the one hiring plaintiff in error. Plaintiff in error testified that Folsom told him that the instrument, which Folsom in his testimony referred to as "an application," would have to be sent to Chicago to be accepted, and that this was the understanding with which he was hired. Folsom does not deny that this is so. His testimony was that one Golby, director of sales, came to Detroit and explained to him how salesmen were to be

employed; that he told him to run advertisements in the newspapers and send the bills to the company at Chicago and they would be paid from there, and that Golby also told him to have each man fill out an application blank and a bond application and mail them in to the Chicago office. It appears that plaintiff in error also signed a bond application. Folsom testified that he never received any letters rejecting applications or accepting same, and that the men knew they were hired when they received their first pay checks from the Chicago office. He stated that the procedure which he followed in the employment of plaintiff in error was the procedure "I used with every man that I hired." Counsel for defendant in error urge that this is testimony that Folsom employed plaintiff in error. However, since in each case he, as he testified, had the prospective salesman fill out an application blank and a bond application, which he mailed to the Chicago office, it is evident that his acts in the matter did not constitute the closing of a contract of employment. Such contract was subject to acceptance in Chicago, and plaintiff in error under those facts could scarcely be said to have been employed until an acceptance of such employment took place at Chicago. From this record it is apparent that plaintiff in error did not know that his proposal to work for the company had been accepted until he first received its check for salary, which came to him from the Chicago office. This view is likewise supported by the fact that plaintiff in error also sent in an application for a bond. It can scarcely be doubted that had the so-called contract been sent to the Chicago office without an application for a bond it would have been rejected by the defendant in error. Having sent but an application for a bond he can scarcely be said to have sent a bond. We are of the opinion, therefore, that under the facts in this case the contract was completed in Illinois and that the parties thereto were operating under the Workmen's Compensation act of this State.

78

The judgment of the circuit court is therefore reversed and the cause is remanded to that court, with directions to set aside the finding of the Industrial Commission and remand the cause to the Industrial Commission for a hearing on the merits. *Reversed and remanded, with directions.*