# OCTOBER, 1938.

Jennie Jones, Appellant, v. F. W. Woolworth Company, a Corporation, and Travelers Insurance Company, a Corporation, Respondent.—122 S. W. (2d) 41.

St. Louis Court of Appeals. Opinion filed December 6, 1938.

Motion for rehearing overruled December 20, 1940.

*H. C. Whitehill* and *George F. Johnson* for appellant.

*Jones, Hocker, Gladney & Grand* for respondent.

SUTTON, C.—This is an action on an agreement for the payment of compensation for an injury sustained by plaintiff while in the employ of defendant F. W. Woolworth Company. The trial resulted in a verdict and judgment in favor of plaintiff and against the defendant Travelers Insurance Company for $2,850.68, including in-

terest, and in favor of defendant F. W. Woolworth Company. From the order of the court granting defendant Travelers Insurance Company a new trial, plaintiff appeals.

Plaintiff was injured while in the employ of defendant F. W. Woolworth Company. It is conceded that plaintiff's injury was the result of an accident arising out of and in the course of her employment, and the agreement sued on itself concedes that the parties were operating under the Workmen's Compensation Law. Defendant F. W. Woolworth Company was insured against liability by defendant Travelers Insurance Company. The agreement sued on was signed by plaintiff and defendant Travelers Insurance Company, but was not signed by defendant F. W. Woolworth Company. It was prepared on a blank form furnished by the Workmen's Compensation Commission. It is captioned "First Receipt and Temporary Agreement," with a parenthetical note, under the caption, as follows: "To be sent in as soon as first compensation is paid, signed by employee and employer and/or insurer." It alleges that the accident occurred on March 2, 1928; that the probable duration of disability is eight weeks; that further medical aid will be required; that employee's wages for the last previous full-time week was $10; and that the employee sustained temporary total disability. It then proceeds as follows:

"Received of the Travelers Insurance Company six and 66/100 dollars ($6.66) being the first payment to the said employee (or his dependent) under the Missouri Workmen's Compensation Act by reason of said accident.

"By reason of said accident, and as provided in said Act, the undersigned employer and/or his undersigned insurer hereby agree to furnish medical aid as provided in said Act and to pay to the undersigned employee (or his dependents).

"At the rate of Six and 66/100 (6.66) dollars per week commencing 3/6/28 for such time as is provided in said Act, or until the parties otherwise agree.

"Any differences between the said weekly payments and the compensation which may be due under said Act shall be refunded and taken care of when a Final Agreement or Award is made.

"All of the foregoing is subject to the provisions of said Act and is payable and may be modified as therein provided."

Under this agreement, which is dated March 12, 1928, and was filed with the Workmen's Compensation Commission on April 3, 1928, defendant Travelers Insurance Company paid plaintiff $6.66 per week for fifty-three weeks, and then filed with the Commission, on May 4, 1929, notice of disagreement and request for a hearing wherein it is alleged as follows: "A disagreement has arisen between the parties to the claim for compensation for the accident, and request is hereby made for a hearing thereon. The exact nature of the disagree-

ment is as follows: Employee contends she is still disabled. Employer and insurer contend disability has ended."

The record of the Workmen's Compensation Commission shows report filed by employer April 3, 1928, temporary agreement filed April 3, 1928, request for hearing filed by insurer May 4, 1929, notice of hearing mailed September 17, 1929, date of first hearing and default of employee and her attorney October 8, 1929.

On January 20, 1933, plaintiff filed with the Workmen's Compensation Commission notice of disagreement and request for hearing. To this the commission replied on January 23, 1933, that, because of the failure of the employee and her attorney to appear for the hearing in the case when set, the claim was dismissed for want of prosecution.

The new trial was granted on the ground that the court was without jurisdiction of the cause.

Plaintiff insists here that the agreement sued on was not made as an agreement under the compensation law, but was made without regard to the compensation law, and is therefore suable at common law. She puts this insistence on the ground that the employer was not a party to the agreement.

The compensation law, section 3325, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3325, p. 8262), provides that if the employer be not insured his liability under the compensation law shall be primary and direct, but if he is insured his liability shall be secondary and indirect, and the insurer shall be primarily and directly liable, and that both the employer and his insurer shall be parties to all agreements or awards of compensation, but the same shall not be enforceable against the employer, except on motion and proof of default by the insurer.

Section 3333 is as follows:

"Nothing in this chapter shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employe or his dependents to waive his rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by the commission, nor shall the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death."

Section 3334 is as follows:

"Upon receipt of notice of any accident the commission shall forward to the employer and to the employe or his dependents a form of agreement to pay and accept compensation, providing for payment of compensation in accordance with the provisions of this chapter, which agreement shall be promptly executed by both parties and returned to the commission, and if in any case the employer disputes

the claim for compensation and for that reason refuses to execute the agreement to pay compensation, the commission shall assist the person who claims to be entitled thereto, in filing his claim and securing an early adjudication thereof; and where such agreements to pay and receive compensation are executed and filed it shall be the duty of the commission, in case payments thereunder are not promptly made, to provide prompt measures for the payment of such compensation and for hearing disputes with reference thereto. If the parties agree, they shall file with the commission a report of the facts and their agreement, and if the agreement is approved by the commission it shall make an award of compensation thereon in accordance therewith.''

Section 3340 is as follows:

''Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid.''

Section 3344 is as follows:

''In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.''

The agreement in suit here is obviously not made under section 3333, which authorizes compromise agreements, not subject to modification or review. The agreement here is evidently intended as an agreement for a temporary award under section 3334, which, as we understand it, authorizes agreements for temporary awards as well as agreements for final awards, the former being subject to modification under section 3344, and the latter being subject to modification only for change in condition upon review under section 3340.

The record of the commission does not show that the agreement in suit here was ever approved by the commission, or that any award was made thereon.

Reading sections 3333 and 3334 together one can hardly escape the conclusion that they require that agreements made under either the one or the other, to be binding, must have the approval of the commission. If an agreement, executed by the parties so out of accord with the compensation law that it does not have and ought not have the approval of the compensation commission, thereby becomes binding and suable at common law, then in any case when injury occurs to an employee

the parties ignoring the compensation commission may come together and by agreement nullify the compensation law.

It is clear that the agreement in suit here is not suable at common law. It was for the commission to approve the agreement and make an award upon it or not, agreeably to its accordance or not with the compensation law and the rights of the parties under the law, as the commission was advised. The commission not having approved the agreement and having made no award thereon the question of compensation remained open for the decision of the commission upon a proper hearing as provided by the compensation law, and plaintiff had six months at least after the last payment was made on account of her injury in which to file her claim for compensation.

Plaintiff cites and relies on State ex rel. Ebert v. Trimble (Mo.), 63 S. W. (2d) 83. That case is clearly not in point. It was an action at common law based on allegations of negligence. It was held to be within the jurisdiction of the circuit court because it was neither pleaded nor proven that the parties were operating under the compensation law. What was said in that case respecting the agreement there involved, that is, that such an agreement might be binding on plaintiff if he had not been a minor at the time the agreement was made, was said under the assumption that the parties were not operating under the compensation law. Of course, parties *sui juris,* not operating under the compensation law, may make such agreement as they see fit respecting settlement for an injury which has been sustained by the employee. It was not held in that case that parties operating under the compensation law might enter into an agreement binding on the parties as though they were not operating under the compensation law.

Plaintiff here insists, however, that no facts were pleaded in this case which if established would subject the parties to the compensation law. To this we are unable to agree. The answer distinctly alleges that plaintiff at the time she was injured was in the employ of defendant F. W. Woolworth Company, and that defendant Traveler's Insurance Company insured the liability of defendant F. W. Woolworth Company to its employees under the compensation law, and that plaintiff and defendant F. W. Woolworth Company were at the time plaintiff was injured operating under the compensation law and were subject to the provisions of said law. Plaintiff urges in argument that this allegation is a mere conclusion. We do not think so. We think it is an allegation of an ultimate or issuable fact. It is neither necessary nor proper to plead evidentiary facts. Moreover, the answer was not attacked in any manner in the court below, and even though the allegation in question be regarded as a mere conclusion it is sufficient as against an attack made for the first time on appeal. [Philbert v. Benjamin Ansehl Co. (Mo.), 119 S. W. (2d) 797; Doyle v. Scott's Cleaning Co. (Mo. App.), 31 S. W. (2d) 242; Kern v. United Railways

Co., 214 Mo. App. 232, 259 S. W. 821, l. c. 823.] Furthermore, as already said, the very agreement on which plaintiff bases her suit concedes that the parties were operating under the compensation law.

The Commissioner recommends that the order of the circuit court granting defendant Travelers Insurance Company a new trial be affirmed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court granting defendant a new trial is accordingly affirmed and the cause remanded. *Becker* and *McCullen, JJ.,* concur; *Hostetter, P. J.,* absent.