**C. & H. TRANSPORTATION COMPANY, Inc., and Commercial Standard Insurance Company, Petitioners,**

**v.**

**Hazel Joyce BERKLEY and the State Industrial Commission, Respondents.**

**No. 38054.**

Supreme Court of Oklahoma.

June 9, 1959.

Rehearing Denied June 30, 1959.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

**250**

Cleeta John Rogers, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Hazel Joyce Berkley, hereinafter called claimant, filed her claim for compensation under the Death Benefit provision of the Workmen's Compensation Act, 85 O.S. 1951 § 1 et seq., stating that her husband, Lloyd Overton Berkley, died on April 11, 1957, as a result of an accidental injury arising out of and in the course of his employment with C. & H. Transportation Company, Inc., employer. An award was made for the full amount, $13,500, under the provisions of the above named statute, and this proceeding is brought by the employer and its insurance carrier, Commercial Standard Insurance Company, to review the award.

The record discloses that employer was in the trucking business in Dallas, Texas, and Tulsa, Oklahoma. The Dallas place of business is referred to as the home terminal. Claimant was the only witness and testified by deposition taken by petitioners. She testified that she and her husband owned their home in Oklahoma City; that he was employed as a truck driver for employer; that he quit his employment and they rented their home for two months and went to Odessa, Texas, so that her husband could obtain employment with Phillips Petroleum Company. This job failed to materialize. Her husband contacted the Dallas office of employer and was given a job driving a truck. They returned to their home in Oklahoma City, and in a short time he was delivered a truck from Tulsa; that all times while he worked for employer he lived in Oklahoma City, both before and after he went to Odessa. She testified that when her husband got his job the last time and they moved back to Oklahoma City he worked first out of the terminal at Dallas because they did not have an opening in Tulsa and they told him he could work out of Dallas until they did get an opening at Tulsa, and that he would be transferred to Tulsa, and he was transferred to Tulsa. Claimant was asked how long he

worked out of Dallas before he was transferred to Tulsa terminal, and her reply was:

"Well, he had been working out of Tulsa about three weeks before his death."

During the taking of the deposition the following occurred:

"Q. Mrs. Berkley, you understand the reason for the questions I have been asking you is, the insurance acknowledges, please ma'am, that you are entitled to money benefits because of your husband's death while working for the C. & H. Transportation Company. Do you understand that? A. Yes.

"Q. The problem we are faced with at this time, is determining under which state law you are entitled to the benefits? A. Yes.

"Q. Do you understand that? A. Yes."

On April 11, 1957, Lloyd Overton Berkley died from being crushed between two trucks eight miles north of Poplar Bluffs, Missouri. The cause of death, and that it resulted from an accidental injury arising out of and in the course of the employment is not in dispute.

In the award is the following finding:

"That on or about three weeks prior to the death of Lloyd Overton Berkley he entered into an employment contract with respondent at Tulsa, Oklahoma, and from then until his accidental personal injury and death in Missouri, an employer-employee status existed in Oklahoma between respondent and Lloyd Overton Berkley; that said employee was acting in the course of his employment and performing work outside of Oklahoma under direction of respondent employer."

The sole issue presented is that the contract of employment was made in Texas, and the State Industrial Commission of Oklahoma was without jurisdiction to enter an award. Petitioners cite a list of cases commencing with Employers Mutual Li-

ability Insurance Company of Wisconsin v. Evins, Tex.Civ.App.1948, 211 S.W.2d 359, and ending with Commercial Casualty Insurance Company v. Industrial Accident Commission, 116 Cal.App.2d 901, 254 P.2d 954. These are all compensation cases, and include Shout v. Gunite Concrete & Construction Company, 226 Mo.App. 388, 41 S.W.2d 629; Skelly Oil Company v. Gaugenbaugh, 119 Neb. 698, 230 N.W. 688, and Johnston v. Industrial Commission, 352 Ill. 74, 185 N.E. 191. An examination of these cases discloses that in each case an award was affirmed or an award given by the court on appeal to claimant in a forum of the claimant's choice. In Skelly Oil Co. v. Gaugenbaugh, supra, the employer took a similar position to that of petitioners herein. In Shout v. Gunite Concrete & Construction Company, supra [226 Mo.App. 388, 41 S.W.2d 631], claimant was injured in Pierre, South Dakota. It was held he was entitled to an award in Missouri, where he resided and where the contract was made. Therein it is stated:

> "Under the facts found by the commission the rights of plaintiff and the obligation of defendants were fixed by the law of Missouri, and defendants should not be permitted to lessen that obligation by adopting a plan in plain conflict with the terms of the act.

> " 'Doubt, if any, respecting the right to compensation is resolved in favor of the employee.' Betz v. Columbia Telephone Co., 224 Mo.App. 1004, 24 S.W.2d 224, 228."

Petitioners quote from Rendleman v. East Texas Motor Freight Lines, 355 Mo. 287, 196 S.W.2d 171, 174, as follows:

> "While it is arguable that the trip leases are indicative of separate contracts it is just as likely that they were used for the purpose of complying with the requirements of the laws relating to motor carriers and the labor union contract. * * *"

This statement was made in upholding the finding of the Industrial Commission of Missouri. In the case under consideration the Commission resolved the facts in favor of claimant. In Rendleman v. East Texas Motor Freight Lines, supra, it is stated that the question of where the contract or arrangement was made is one of fact.

Petitioners have cited Krause v. Pacific Food Produce Co., 17 Cal. Industrial Accident Cases 15; Johnson v. Great Lakes Pipe Line Co., 358 Mo. 445, 215 S.W.2d 460; Overcash v. Yellow Transit Co., 352 Mo. 993, 180 S.W.2d 678; Deister v. Thompson, 352 Mo. 871, 180 S.W.2d 15, in which the awards were denied claimant on jurisdictional grounds involving extraterritorial laws. We have examined these cases and they are not persuasive on the issue here presented.

■ The finding of the State Industrial Commission, as above set out, to the effect that the arrangement in Texas was temporary, with the agreement that as soon as Berkley returned to work with the Tulsa terminal the relationship with the employer would be the same as it was when formerly employed in Oklahoma is supported by the only evidence introduced in this case. If this were not the condition or circumstance the only proof to the contrary was within the control of the employer. Berkley had worked for them in Oklahoma and they knew he had returned to his home in Oklahoma, with the intent to live there and work out of the Tulsa place of business.

The finding and award is supported by the evidence.

Award sustained.