**Alpha Editha SHEETS, Appellant,**

v.

**HILL BROTHERS DISTRIBUTORS, INC.,
and The 5940 Shoe Company, Inc., Respondents.**

No. 50030.

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

Randolph & Randolph, Robert B. Randolph, St. Joseph, for appellant.

Arnold N. Shanberg, Rope, Shanberg & Rope, Kansas City, for respondents.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment of the trial court directing a verdict for defendants at the close of plaintiff's evidence in her suit for damages in the amount of $93,975.00 for alleged breach of an oral contract of employment.

The following facts and circumstances reasonably could be found by a jury to exist from a consideration, in the light most favorable to her, of plaintiff's evidence. On January 2, 1958, while employed by The 5940 Shoe Co., Inc., a wholly owned subsidiary of Hill Brothers Distributors, Inc., at its store in St. Joseph, Missouri, plaintiff fell from a chair while attempting to obtain a pair of shoes from a rack, and she sustained an injury which admittedly arose out of and in the course of her employment. A report of injury was filed by her employer with the Division of Workmen's Compensation. The Surety National Insurance Company, her employer's compensation insurance carrier, paid plaintiff's medical bills in the amount of $493.20 and

paid $142.80 compensation to her "for a healing period of 4⅔ weeks." Surety National Insurance Company and plaintiff then entered into a lump sum settlement agreement, approved by a referee of the Division of Workmen's Compensation, which recited, among other things, the fact of the injury arising out of and in the course of employment, that "both the employer and employee were operating under and subject to the provisions of the Missouri Workmen's Compensation Law," that "all liability of said employer was fully insured by Surety National Insurance Company," the amount of payments previously made to plaintiff, and that there existed "a dispute between the employer and the employee as to the nature and extent of disability the employee has suffered as result of said accident." It was then recited that it was agreed that the parties thereto would enter into a compromise lump sum settlement pursuant to Section 287.390 RSMo 1959, V.A.M.S., for the additional payment to plaintiff of $1,716.00. The agreement also recited that plaintiff "states that she has read the foregoing compromise lump sum agreement and she understands it and urges that approval be made by the Division of Workmen's Compensation," and that she understands that by agreeing to the settlement "she is forever closing out this claim under the Missouri Workmen's Compensation Law." Before agreeing to the lump sum settlement plaintiff talked to Niel Hill and Clifford Hill (not identified in the evidence but referred to in plaintiff's brief as "her employers") and according to plaintiff, Niel Hill told her, "You know what your hospital bills have been to date, * * * if you want to make the settlement they have offered you, you will have a lifetime job with us." According to plaintiff, Clifford Hill told her, "you know we will always take care of you. You will have a lifetime job with us." In answer to the question, "what did Hill Brothers agree to do for you?" she replied: "Hill Brothers told me I would have a lifetime job with them at the St. Joseph Store,"

and "they didn't put any stipulation on it whatever" as to whether she was to be able to do the work, and "they didn't say satisfactory or unsatisfactory." Plaintiff further testified that in return for the promise of lifetime employment she agreed "to not file a suit against them; to make a settlement for $1,716.00. * * * I was to take their offer and to make a settlement and not bring suit against them and I would have a lifetime job." Plaintiff returned to her employment at the shoe store and continued to work until September 14, 1961, when her employment was terminated. According to plaintiff, the "supervisor" told her that he had talked to Mr. Hill and "he said to fire you."

In her petition plaintiff alleged that the "defendants, or their liability insurer offered plaintiff approximately $1,700.00 as a compromise settlement for the injury she received in January 1958," and that "in consideration of plaintiff accepting the $1,700.00, and not bringing suit against defendants on account of her said injury, defendants agreed to give plaintiff steady employment during the period of her natural life in their Hill Brothers Shoe Store in St. Joseph, Missouri." She further alleged that she "performed her part of the agreement" but that defendants had violated the agreement by discharging her. The trial court directed a verdict for defendants and stated that because of the provisions of Section 287.390 RSMo 1959, V.A.M.S., the agreement "is not valid and therefore cannot be enforced."

Plaintiff cites and relies on only two cases: Harrington v. Kansas City Cable Railway Company, 60 Mo.App. 223 (1894), and McDaniel v. United Railways Company of St. Louis, 165 Mo.App. 678, 148 S.W. 464 (1912). Both of these cases, decided before the enactment of the Workmen's Compensation Law, may be considered as authority that the oral agreement for lifetime employment was valid and enforceable, and without so ruling or implying, we shall for the purpose of this opinion assume that in the absence of the Work-

men's Compensation Law an agreement of the nature here alleged would, if established by competent evidence, be valid and enforceable. We shall also assume that the persons with whom the alleged contract was entered into on behalf of the defendants had authority to so bind the corporate defendants.

▇▇▇ It is admitted, and plaintiff's evidence affirmatively established, that plaintiff and her employer were subject to the Missouri Workmen's Compensation Law. In such event the rights and remedies provided therein exclude all rights and remedies of plaintiff against defendant that she might have had at common law. Section 287.120(2) RSMo 1959, V.A.M.S. As stated in Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875, "The compensation act, * * * is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act [or are subject thereto by operation of law] such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise." See also Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; Montgomery v. Mine La Motte Corporation, Mo., 304 S.W.2d 885, 888; McDaniel v. Kerr, 364 Mo. 1, 258 S.W.2d 629. Therefore, when on January 2, 1958, plaintiff sustained an injury arising out of and in the course of her employment, all remedies, claims or rights accruing to her and against her employer for compensation or damages arising by reason of such injury were those provided for in the Workmen's Compensation Law to the exclusion of any common law or contractual right.

Section 287.390 RSMo 1959, V.A.M.S. (in effect at the time the lump sum settlement agreement was entered into and approved by the referee of the Division of Workmen's Compensation) provided that "Nothing in this chapter [the Workmen's Compensation Law] shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under this chapter shall be valid, *nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by the commission, * * *.*" (Italics added). Plaintiff has alleged, and her evidence establishes, that the agreement in settlement of her claim for compensation included the promise of the payment to her of a certain sum of money and the promise of lifetime employment, and her evidence is to the effect that she accepted the sum offered because of the promise of lifetime employment. However, that part of the consideration for the settlement consisting of the promise of the lifetime employment is not included in the written agreement approved by the referee of the Division of Workmen's Compensation. We must, therefore, determine the effect on plaintiff's right to bring a common law action for breach of contract of the provision in Section 287.390 that an unapproved agreement of settlement is not valid.

In Jones v. F. W. Woolworth Co., 234 Mo.App. 1189, 122 S.W.2d 41, an employee brought suit against her employer, both of whom were admittedly subject to the Workmen's Compensation Law, to enforce an alleged agreement for compensation not approved by the then Workmen's Compensation Commission. In holding that a common law action could not be maintained on the alleged agreement, it was stated: "If an agreement, executed by the parties so out of accord with the compensation law that it does not have and ought not have the approval of the compensation commission, thereby becomes binding and suable at common law, then in any case when injury occurs to an employee the parties ignoring the compensation commission may come together and by agreement nullify the compensation law." In conclusion, it was said, "It is clear that the agreement in suit here is not suable at common law."

In Carr v. John W. Rowan Plastering Co., 227 Mo.App. 562, 55 S.W.2d 727, the parties entered into a "stipulation" before the Workmen's Compensation Commission that "the injury constituted permanent partial disability of 16⅔ per cent. of 400 weeks or 66⅔ weeks for which compensation should be paid at the rate of $20.00 per week, amounting to $1,333.33, less the sum of $160.00 already paid for temporary total disability; * * *." The Commission refused to recognize the stipulation and determined the disability to be "⅒ of total disability or 40 weeks." The court held: "The Commission having refused to recognize the settlement provided for in the stipulation, which under the provisions of section 3333, R.S.1929 (Mo.) * * * [now Section 287.390], it had the power to do, the settlement was not binding on anyone." A like result was announced in Harder v. Thrift Const. Co., Mo.App., 53 S.W.2d 34; O'Malley v. Mack International Motor Truck Corporation, 225 Mo.App. 1, 31 S.W. 2d 554; and Shout v. Gunite Concrete & Construction Co., 226 Mo.App. 388, 41 S.W. 2d 629. See also Myers v. Cap Sheaf Bread Co., 354 Mo. 943, 192 S.W.2d 503, where this court quoted from Liberty Mut. Ins. Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 959, as follows: "The settlement, if any, is made by the *parties* and is wholly voluntary. * * * Under Sec. 3333 * * * [now Section 287.390], approval of the settlement by the Commission is a prerequisite to its validity."

The above cases announce the general rule that a settlement between the employee and employer (or the insurance carrier of the employer) of a claim under the Workmen's Compensation Law must be approved by the Division of Workmen's Compensation to be valid and enforceable, but the facts of those cases were not the same and some are not reasonably similar to those in this case. However, we have found a case from another jurisdiction that is remarkedly similar under the facts to the pending case. In Horvath v. Sheridan-Wyoming Coal Co., 58 Wyo. 211, 131 P.2d 315, plaintiff-employee brought suit against his employer for breach of an alleged oral contract of employment, and the facts were, as stated in the opinion, as follows: "The plaintiff asserts that he was permanently injured on account of the accident experienced by him on December 4, 1937, and the theory upon which the plaintiff's side of the cause below was tried appears to be that he was re-employed by the company * * * under an oral contract made between himself and [his employer] whereby the latter agreed to give him * * * steady employment during the remainder of his life at such light work as he might be able to perform and at living wages. The consideration for this agreement was asserted to be that due to the promises thus claimed to have been made on behalf of the company to [plaintiff], the latter agreed to and did 'forego and abandon his right to Workmen's Compensation allowances arising from the injuries received by him while employed by the company in its Acme mine on December 4, 1937,' * * *." A Wyoming statute provided that "No contract * * * or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this chapter [Workmen's Compensation Law] except as herein provided." The Wyoming court first pointed out, by quoting from Brigham Young University v. Industrial Commission of Utah, 74 Utah 349, 279 P. 889, 891, 65 A.L.R. 152, that " 'it is competent for the Legislature to declare that an employer and employé be not permitted to enter into an agreed settlement of claims arising under the [Workmen's Compensation] act, except upon certain imposed conditions, * * * [and] that any agreement violative of the provisions of the act in such respect is void and unenforceable; * * *.' " After reviewing cases from other jurisdictions, it was concluded and held that "there was no consideration for the contract in suit." Other cases which hold that it is proper for the Legislature to prohibit or regulate compromises of workmen's compensation claims, and to declare void agreements be-

**518**

tween the employee and the employer, or his insurance carrier, when not authorized by the applicable workmen's compensation law include Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789; Tillman v. Moody, 181 Ga. 530, 182 S.E. 906; Department of Industrial Relations v. Travelers' Insurance Co., 177 Ga. 669, 170 S.E. 883; Doby v. Miami Trust Company, 39 Ariz. 228, 5 P.2d 187. See also the cases cited in the annotation at 47 A.L.R. 799 entitled "Constitutionality of prohibition of assignment or release of claim under Workmen's Compensation Acts."

The Legislature of Missouri has declared the public policy of this State to be that agreements in settlement of claims under the Workmen's Compensation Law, not approved by the Division of Workmen's Compensation, are not valid. This limitation obviously was to protect the employee, but it also protects the employer. In Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, 644, this court held that the contract in that case was "void under the statute, and will not support an action either for its enforcement or for its breach." See also Lebcowitz v. Simms, Mo.App., 300 S.W.2d 827. These cases do not pertain to unapproved agreements in settlement of workmen's compensation claims, but they announce the general and applicable rule. We, as a court, cannot say that unapproved agreements believed to be unfavorable to the employee are not valid, but those believed to be favorable to the employee are valid. The Legislature has said that *all* such agreements are not valid, and it is not for the courts to say that the "two bladed sword" thus created should not cut both ways.

We must necessarily conclude that the alleged oral contract for lifetime employment made in settlement of plaintiff's workmen's compensation claim, and not approved by the Division of Workmen's Compensation, is by statute declared to be void, and for that reason it is not enforce-

able in the courts. The trial court correctly directed a verdict in favor of defendants.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.